```
 1                  UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF TEXAS
 2                       SAN ANTONIO DIVISION

 3   UNITED STATES OF AMERICA         :
                                      :
 4   vs.                              : No. SA:17-CR-00128-DAE
                                      : San Antonio, Texas
 5   Christopher Alexander Reilly(1)  : November 27, 2017
     Defendant.                       :
 6   ***********************************************************

 7          TRANSCRIPT OF REARRAIGNMENT AND GUILTY PLEA
             BEFORE THE HONORABLE ELIZABETH S. CHESTNEY
 8                 UNITED STATES MAGISTRATE JUDGE

 9   APPEARANCES:
     FOR THE GOVERNMENT:
10     Bettina Richardson, Esquire
       Assistant United States Attorney
11     United States Attorney's Office
       601 N.W. Loop 410, Suite 600
12     San Antonio, Texas   78216
        (210)384-7150
13

14   FOR THE DEFENDANT:
       Adam J. Crawshaw, Esquire
15     625 N. Alamo Street
       San Antonio, Texas   78215
16      (210)595-1553; adam@txfight.com

17

18   COURT RECORDER:   FTR GOLD

19   TRANSCRIBER:
     Angela M. Hailey, CSR, CRR, RPR, RMR
20   Official Court Reporter, U.S.D.C.
     655 East Cesar E. Chavez Blvd., Third Floor
21   San Antonio, Texas   78206
     Phone(210)244-5048;angela_hailey@txwd.uscourts.gov
22


23


24   Proceedings reported by electronic sound recording, transcript
     produced by computer-aided transcription.
25
```

1    *(November 27, 2017, 2:04 p.m.)*

2                              *   *   *

3         COURT SECURITY OFFICER:  All rise.

4         THE COURT:  You may be seated.

5         COURTROOM DEPUTY CLERK:  Court calls the following
6    case for rearraignment and plea, United States of America
7    versus Christopher Alexander Reilly.  Case number SA:17-CR-128,
8    defendant one.

9         MS. RICHARDSON:  Bettina Richardson on behalf of the
10   United States, appearing for Tracy Thompson.

11        THE COURT:  Good afternoon.

12        MS. RICHARDSON:  Good afternoon.

13        MR. CRAWSHAW:  Adam Crawshaw for Mr. Riley.  Good
14   afternoon, Judge.

15        THE COURT:  Good afternoon.

16        COURTROOM DEPUTY CLERK:  Mr. Riley, please remain
17   seated and raise your right hand.

18                              *   *   *

19            *(CHRISTOPHER ALEXANDER REILLY, Sworn.)*

20                              *   *   *

21        THE COURT:  Mr. -- is it Cra-shaw*(ph)*?  Is that how
22   you say your last name?

23        MR. CRAWSHAW:  Craw-shaw*(ph)*.

24        THE COURT:  Crawshaw.  Any doubt as to your client's
25   competence to enter a guilty plea today?

1                MR. CRAWSHAW:  No, Judge.
2                THE COURT:  The rest will be directed right to you,
3     Mr. Riley.  Do you suffer from any kind of mental or physical
4     condition or are you under the influence of any medicines,
5     drugs or alcohol that affect your ability to understand what
6     I'm explaining or asking?
7                THE DEFENDANT:  No, ma'am.
8                THE COURT:  Before accepting your guilty plea, there
9     are several rights I have to advise you about and several
10    questions I have to ask you.  If you don't understand anything
11    that I explain or you don't understand one of my questions,
12    you're allowed to take a break and ask your attorney, you're
13    allowed to ask me to repeat it or explain it in a different
14    way.  What you're not allowed to do is to come back later and
15    claim you didn't really understand what I was saying or
16    somebody told you how to answer the questions.  If you feel
17    like you're being forced into pleading guilty, now is the time
18    to let the Court know.
19               You should also know that because you're under oath,
20    if you say anything today and it turns out to be untrue, you
21    could be prosecuted for perjury.  Do you understand that?
22               THE DEFENDANT:  Yes, ma'am.
23               THE COURT:  You do have the right to enter your guilty
24    plea before the United States District Judge who is presiding
25    over your case.  However, you can instead consent to plead

1   guilty in front of me today.  I'm what they call a United
2   States Magistrate Judge.  In either event, it's going to be the
3   District Judge presiding over your case who is going to
4   sentence you.  Do you understand your right to plead guilty in
5   front of the District Judge, but agree to plead guilty in front
6   of me today instead?
7           THE DEFENDANT:  I do.
8           THE COURT:  Have you had enough time to fully discuss
9   your case with your attorney including any defenses you might
10  have to the charges against you?
11          THE DEFENDANT:  Yes.
12          THE COURT:  Are you satisfied with his representation
13  of you?
14          THE DEFENDANT:  Very satisfied.
15          THE COURT:  A written plea agreement has been filed.
16  It was signed by you, it was signed by your attorney and it was
17  signed by an attorney for the government.  Did you read that
18  plea agreement before you signed it?
19          THE DEFENDANT:  Yes, ma'am.
20          THE COURT:  Do you understand the terms contained in
21  the plea agreement?
22          THE DEFENDANT:  I do.
23          THE COURT:  And do you agree to be bound by those
24  terms?
25          THE DEFENDANT:  I am.

1    THE COURT:  You've been charged by way of a six-count
2    indictment.  Have you read the indictment and have you gone
3    over it with your attorney?
4        *(No response.)*
5    THE COURT:  I'm just going over the charging document,
6    not asking what you're pleading to yet.
7    THE DEFENDANT:  Yes, ma'am, I just --
8    MR. CRAWSHAW:  One moment please, Judge.
9    THE COURT:  Did I get the number of counts wrong?
10       *(Pause.)*
11   MR. CRAWSHAW:  That is correct.
12   THE COURT:  So you've had an opportunity to discuss
13   that indictment with your attorney, correct?
14   THE DEFENDANT:  Yes, ma'am.
15   THE COURT:  And do you understand that you have the
16   right to plead not guilty to all of the charges contained in
17   that indictment?
18   THE DEFENDANT:  I do.
19   THE COURT:  And how do you plead today to counts three
20   and four in your indictment, guilty or not guilty?
21   THE DEFENDANT:  Guilty.
22   THE COURT:  Are you pleading guilty because you are
23   guilty and for no other reason?
24   THE DEFENDANT:  Yes, ma'am.
25   THE COURT:  Under the Constitution and the laws of the

1  United States, you do have the right to a trial by jury.  You
2  also have the right to the assistance of an attorney at trial,
3  the right to confront and cross-examine government witnesses,
4  the right to compel the attendance of witnesses at trial and
5  the right to present evidence in your own behalf.  Do you
6  understand these rights?
7          THE DEFENDANT:  I do.
8          THE COURT:  You are presumed to be innocent and the
9  government is required to prove your guilt beyond a reasonable
10 doubt before you can be found guilty.  At a trial while you
11 would have the right to testify if you chose to, you could not
12 be required to.  And if you chose not to, that couldn't be held
13 against you.  Do you understand those rights?
14         THE DEFENDANT:  Yes.
15         THE COURT:  If you plead guilty, you're going to give
16 up your right to a trial as well as these other rights I've
17 just explained and any defense you might have to the charges
18 against you.  And the District Judge presiding over your case
19 is going to sentence you after he considers the presentence
20 report that's prepared by Probation.  Do you understand that?
21         THE DEFENDANT:  Yes, ma'am.
22         THE COURT:  Do you agree to give up those rights?
23         THE DEFENDANT:  I do.
24         THE COURT:  The penalties that you're facing for the
25 charges to which you're pleading guilty are the same for both

1  counts.  Counts three and four.  In terms of prison, it's a
2  minimum of five up to 20 years in prison.  The fine is up to a
3  250,000-dollar fine per count.  There's a hundred-dollar
4  mandatory special assessment for each count and then a special
5  5,000-dollar assessment pursuant to a special victims fund.  Do
6  you understand that those are the maximum statutory penalties
7  that apply in your case?
8          THE DEFENDANT:  Yes, ma'am.
9          THE COURT:  You are a United States citizen, correct?
10         THE DEFENDANT:  That's correct.
11         THE COURT:  Judge Ezra is going to sentence you after
12 he considers the guidelines that were established by the United
13 States Sentencing Commission.  He'll determine a range of
14 punishment after considering such things as the nature and
15 circumstances of your offense, your conduct in the case and
16 your past criminal history.  But these guidelines are only
17 advisory.  And Judge Ezra is not required to sentence you
18 within that applicable range that he calculates.  In fact, he
19 can sentence you to any reasonable term between the minimums
20 and maximums established by the statute that I just went over
21 with you.  Do you understand that?
22         THE DEFENDANT:  Yes, ma'am.
23         THE COURT:  As part of your plea agreement, you're
24 giving up the right to appeal your sentence as well as the
25 right to contest your sentence in most types of post-conviction

1  proceedings except in fairly narrow circumstances.  Do you
2  understand that and give up your right to appeal your sentence
3  and contest your sentence in post-conviction proceedings?
4             THE DEFENDANT:  Yes, ma'am.
5             THE COURT:  Do you understand that you can't receive
6  probation in your case?
7             THE DEFENDANT:  Yes, ma'am.
8             THE COURT:  Do you also understand that there's no
9  parole in federal court.  The term of imprisonment that you're
10 given by the District Judge is the time you'll serve less
11 credit for good time.  Do you understand that?
12            THE DEFENDANT:  Yes, ma'am.
13            THE COURT:  The indictment in your case alleges that
14 you have a right, title or interest in certain property that's
15 described in the indictment and your plea agreement includes a
16 provision in which you agree to immediately and voluntarily
17 forfeit to the U.S. Government any and all right, title and
18 interest you might have in that property.  Do you understand
19 that part of your plea agreement and agree to the forfeiture?
20            THE DEFENDANT:  Yes, ma'am.
21            THE COURT:  In addition to any term of imprisonment or
22 fine that might be imposed, you're going to be required to make
23 restitution which is related to those 5,000-dollar per victim
24 fund that you would have to pay into.  Do you understand that
25 as well?

1    THE DEFENDANT:  Yes, ma'am.
2    THE COURT:  For the offense to which you're pleading
3    guilty, a term of supervised release, a minimum of five years
4    up to life can be assessed.  Supervised release is served after
5    you complete your initial term of confinement.  While you're on
6    supervised release, the Court is going to require that you
7    comply with certain conditions.  If you fail to comply with any
8    of those conditions, then your supervised release can be
9    revoked and you can be sentenced to an additional term of
10   confinement.  Do you understand that?
11   THE DEFENDANT:  Yes, ma'am.
12   THE COURT:  Are you pleading guilty freely and
13   voluntarily with full knowledge of the consequences?
14   THE DEFENDANT:  Yes, ma'am.
15   THE COURT:  Has anyone threatened you, coerced you or
16   forced you in any way to plead guilty?
17   THE DEFENDANT:  No, ma'am.
18   THE COURT:  Has anybody made you any promises other
19   than those contained in your plea agreement to get you to plead
20   guilty today such as a promise that you'd get a particular
21   sentence?
22   THE DEFENDANT:  Nobody has, no.
23   THE COURT:  As part of your plea agreement, the
24   government has agreed that you should receive credit for --
25   under the Sentencing Guidelines -- for acceptance of

1   responsibility.  Judge Ezra is not required to accept that
2   recommendation.  If he does not accept this portion of your
3   plea agreement or doesn't sentence you within that applicable
4   guideline range, you will not have the ability to withdraw your
5   guilty plea.  Do you understand that?
6            THE DEFENDANT:  Yes, ma'am.
7            THE COURT:  I'm now going to go over the legal
8   elements that apply to the two charges that you're pleading
9   guilty to.  The first is receiving material involving sexual
10  exploitation of minors which is a violation of 18 U.S.C.,
11  Section 2252(a)(2), and those elements include that, first, you
12  knowingly distributed a visual depiction as alleged in the
13  indictment that had been shipped or transported in or affected
14  interstate or foreign commerce.
15           Second element is that the production of such visual
16  depiction involved the use of a minor engaging in sexually
17  explicit conduct.
18           Third, that such visual depiction was of a minor
19  engaged in sexually explicit conduct.
20           And fourth, that the defendant knew that such visual
21  depiction was of sexually explicit conduct and that at least
22  one of the persons engaged in sexually explicit conduct and
23  such visual depiction was a minor.
24           MR. CRAWSHAW:  Judge, may we approach?
25           THE COURT:  You may.

1                        * * *

2            *(Sidebar discussion off the record, 2:13 p.m.)*

3                        * * *

4            THE COURT:  We're doing count three.  Just to clarify

5   for count -- for element one of that charge, it is the

6   defendant knowingly received a visual depiction as opposed to

7   distributed.  So for the count four, it's going to be a

8   violation of 18 U.S.C., Section 2252(a)(1), correct, so that is

9   that the defendant knowingly transported by any means or

10  facility of in or affecting interstate or foreign commerce

11  including by computer an item or items of child pornography as

12  alleged in the indictment.

13           And second, that when the defendant mailed or

14  transported these items, the defendant knew the items were

15  child pornography.

16           Do you understand the legal elements of these two

17  offenses?

18           THE DEFENDANT:  Yes.

19           THE COURT:  The written plea agreement that you signed

20  includes a factual basis to support each of those charges.

21  Before you could be found guilty at trial, the government would

22  be required to prove the facts and the factual basis as well as

23  to establish each of those legal elements I just explained

24  beyond a reasonable doubt.  Do you understand that?

25           THE DEFENDANT:  Yes, ma'am.

1  THE COURT: And now that I've explained the legal
2  elements of the two offenses and you've read the factual basis
3  contained in your plea agreement, do you have any questions
4  about the charges against you or the factual basis supporting
5  them?
6  THE DEFENDANT: No.
7  THE COURT: And did you read the factual summary in
8  your plea agreement?
9  THE DEFENDANT: I did, yes.
10 THE COURT: And do you agree it's accurate?
11 THE DEFENDANT: Yes.
12 THE COURT: Having now discussed the charges against
13 you, your constitutional and statutory rights and the penalties
14 you face, I'm going to ask you one last time, how do you plead
15 to counts three and four in your indictment, guilty or not
16 guilty?
17 THE DEFENDANT: Guilty.
18 THE COURT: Is there anything we talked about today
19 that you didn't understand or that you want to talk to your
20 attorney about?
21 THE DEFENDANT: No, ma'am.
22 THE COURT: Any concerns from you, Mr. Crawshaw?
23 MR. CRAWSHAW: No, Judge. Thank you.
24 THE COURT: Anything from you, Ms. Richardson?
25 MS. RICHARDSON: Nothing further, Your Honor.

1    THE COURT:  Thank you.  Well, then I find that you're
2    competent to stand trial; that you fully understand the nature
3    of the charge and the penalties; that you understand your
4    constitutional and statutory rights and you desire to waive
5    them; that your plea is freely, knowingly and voluntarily made
6    and there's a factual basis to support your plea.  I'm going to
7    recommend to Judge Ezra that your guilty plea be accepted and a
8    judgment of guilt be entered against you and your case will now
9    be referred to Probation to prepare their presentence report.
10         I do have a sentencing date for you as well.  Your
11   sentencing is scheduled for Monday, February the 26th at 9:00
12   a.m. in front of Judge Ezra.  And you will now be remanded back
13   to the custody of the Marshals until the time of that
14   sentencing.  We're in recess.  Thank you.
15         COURT SECURITY OFFICER:  All rise.
16                        *   *   *
17         *(2:16 p.m.)*

1              * * * * *

2         I certify that the foregoing is a correct transcript

3    from the electronic sound recording of the proceedings in the

4    above-entitled matter.

5         I further certify that the transcript fees and format

6    comply with those prescribed by the Court and the Judicial

7    Conference of the United States.

10   Date:  March 25, 2019

12    /s/ Angela M. Hailey
     _____
13   United States Court Reporter
     655 East Cesar E. Chavez Blvd., Third Floor
14   San Antonio, Texas   78206
     (210)244-5048